# First District Court of Appeal
## State of Florida

_____

No. 1D2024-2173
_____

BILLY JOE "HOOT" CRAWFORD,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Kelvin C. Wells, Judge.

July 8, 2026

LEWIS, J.

Appellant, Billy Joe "Hoot" Crawford, appeals his criminal convictions for interference with child custody and tampering with a witness or victim. Appellant raises five issues on appeal, only two of which warrant discussion. He argues that the trial court erred in prohibiting him from introducing evidence to support his defense that the Department of Children and Families did not have lawful charge of the minor at issue when he allegedly interfered with State custody. He asserts the trial court further erred in denying his motion to interview a juror. For the following reasons, we affirm.

## FACTUAL BACKGROUND

Appellant, an attorney, was hired by the minor's family after she reported that her brother had molested her years before and was threatening to rape her when he visited the family in Florida. After initial contact with the minor, investigators arranged for the minor to be interviewed at the Children's Advocacy Center. Appellant accompanied the minor, who was described at trial as being suicidal, to the Center, but he refused to allow the Child Protection Team to interview the minor outside of his presence. Appellant told investigators that the minor "would not be giving a forensic interview that day because the statements she had made [about her brother abusing her] were [] false statements." Appellant then left the Center with the minor and drove away with her—even though Department representatives told him that the agency was sheltering her in accordance with section 39.401, Florida Statutes.* A deputy sheriff performed a traffic stop, and when Appellant refused to relinquish custody of the minor, arrested him. During the stop, Appellant recorded himself instructing the minor to say that the accusations she made against her brother regarding the alleged sexual abuse were not true. But the minor never recanted her allegations. The State charged Appellant with interference with child custody and witness or victim tampering.

---

* A minor may be taken into the Department's custody "[b]y a law enforcement officer, or an authorized agent of the department, if the officer or authorized agent has probable cause to support a finding" that "the child has been abused, neglected, or abandoned, or is suffering from or is in imminent danger of illness or injury as a result of abuse, neglect, or abandonment." § 39.401(1)(b)1., Fla. Stat. The Department must then file a shelter petition in circuit court so that a hearing can be held within twenty-four hours after a child's removal. § 39.401(3)(b), Fla. Stat. To keep the child in shelter care, the Department must establish probable cause that reasonable grounds for removal exist. § 39.402(8)(d), Fla. Stat. Here, the dependency court found the requisite probable cause for the initial shelter and then continued the shelter of the minor for several weeks after the Department took custody of her.

During trial, Appellant sought to raise as a defense the argument that because the State did not have lawful charge of the minor when he took her from the Children's Advocacy Center, he could not be found guilty of the offense of interference with child custody.  *See* § 787.03(1), Fla. Stat. (2021) (providing that "[w]hoever, without lawful authority, knowingly or recklessly takes . . . any minor . . . from the custody of . . . a public agency having the *lawful charge* of the minor . . . commits the offense of interference with custody and commits a felony of the third degree") (emphasis added).  Appellant proffered testimony from a Department program administrator that to shelter a child, there must be a clearly observable and imminent clear and present danger to the child.  When asked by defense counsel what danger was clearly observable at the Children's Advocacy Center that required sheltering the minor, the administrator expressed the Department's concern that it could not ensure that the minor would be safe at home given her molestation allegations, the brother's alleged threats, and his close proximity to her.  According to the evidence, the brother was staying in a condominium unit right next door to the unit where the minor lived with her parents. The State moved in limine to exclude evidence on whether the Department had lawful charge of the minor, arguing that the legality of the Department's shelter of the minor had been determined by the dependency division of the circuit court, and that determination could not be second-guessed by the criminal court division of the same court.  The trial court granted the motion and prevented Appellant from offering any evidence relating to this defense.

The jury found Appellant guilty as charged.  Within ten days of the verdict, Appellant's counsel moved to interview one of the jurors under Florida Rule of Criminal Procedure 3.575.  Appellant represented that it had come to his attention post-trial that the juror at issue had witnessed a domestic violence incident between his wife and brother-in-law after the latter attempted to remove their mother from a nursing facility.  The trial court orally granted the motion.  Before the juror interview took place, however, the State filed a motion to reconsider and requested that the court strike the motion to interview because it did not contain sworn allegations.  In support of its request to strike, the State cited *Baptist Hospital of Miami, Inc. v. Maler*, 579 So. 2d 97 (Fla. 1991),

3

where the Supreme Court discussed the requirement for sworn factual allegations in support of a motion to interview jurors. Appellant responded by relying on our opinion in *Ramirez v. State*, 922 So. 2d 386 (Fla. 1st DCA 2006), where we rejected the argument that sworn allegations were necessary under rule 3.575.

The trial court granted the State's motion, finding that Appellant's motion to interview the juror was legally insufficient for not containing sworn allegations. The next day, Appellant filed an amended motion that included sworn allegations. The State then moved to strike the amended motion on the basis that it was untimely filed. The trial court granted the State's motion and struck Appellant's amended motion. This appeal followed.

*ANALYSIS*

Appellant first contends that the trial court erred in preventing him from presenting evidence in support of his defense that the Department did not have lawful charge of the minor when he allegedly interfered with child custody by taking her from the Children's Advocacy Center. Criminal defendants have a right to present witnesses and offer evidence relevant to their defense. *See* U.S. Const. amend. VI; art. I, § 16(a), Fla. Const.; *McCray v. State*, 418 So. 3d 260, 261 (Fla. 1st DCA 2025). An accused's right to due process is essentially "the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 291 (1973).

As we noted above, the offense of interference with child custody required the State to prove that the Department had lawful charge of the minor when the interference occurred. *See* § 787.03(1), Fla. Stat. (2021). Indeed, the trial court recognized this by instructing the jury that the State had to prove whether the Department had lawful charge of the minor. Because this was an element of the offense, we agree with Appellant that the trial court erred when it prevented him from presenting evidence to show that the Department did not have the requisite charge of the minor at the time he allegedly interfered with custody. We conclude, however, that the error was harmless. *See Johnson v. State*, 397 So. 3d 1209, 1212 (Fla. 1st DCA 2024) (observing that the harmless error test places the burden on the State to show

4

beyond a reasonable doubt that the error did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction).

There was ample evidence that the Department observed a clear, imminent, and present danger to the minor when it made the decision to shelter her. Not only did the State present evidence that the minor had been molested in the past by her brother and that he threatened to rape her while visiting their family, but the evidence also showed that after the initial shelter, the dependency court extended the minor's shelter, *i.e.,* Department custody, based on its determination that she was in imminent danger of harm. In other words, the extension of the shelter order could reasonably have been viewed by the jury as validation for the Department's act of taking the minor into its custody at the Children's Advocacy Center. On this record evidence, we find no reasonable possibility that preventing Appellant from presenting his proffered evidence contributed to his convictions. This is especially so given the evidence below that on the day at issue, Appellant advised the minor not to answer questions from the Child Protection Team, explaining that "one hurts him [her brother], one hurts you" and that the "best thing you can say is that's all made up and never happened." Although this evidence was primarily related to the tampering charge, it also helped show why Department employees were particularly concerned about the minor's wellbeing if she was returned to the family home and not immediately sheltered. Thus, any error in excluding evidence challenging whether the Department had lawful charge of the minor when Appellant absconded with her was harmless.

Appellant also challenges the trial court's rulings on his motions to interview a juror. Florida Rule of Criminal Procedure 3.575 provides in part:

A party who has reason to believe that the verdict may be subject to legal challenge may move the court for an order permitting an interview of a juror or jurors to so determine. The motion shall be filed within 10 days after the rendition of the verdict, unless good cause is shown for the failure to make the motion within that time. The motion shall state the name of any juror to be interviewed

5

and the reasons that the party has to believe that the verdict may be subject to challenge. After notice and hearing, the trial judge, upon a finding that the verdict may be subject to challenge, shall enter an order permitting the interview, and setting therein a time and a place for the interview of the juror or jurors, which shall be conducted in the presence of the court and the parties. If no reason is found to believe that the verdict may be subject to challenge, the court shall enter its order denying permission to interview.

Generally, a trial court's ruling on a motion to interview jurors is reviewed for an abuse of discretion. *Bass v. State*, 304 So. 3d 786, 790 (Fla. 1st DCA 2018). That said, questions of law and the application of legal principles to settled facts are subject to de novo review. *Johnson v. Johnson*, 413 So. 3d 872, 875 (Fla. 1st DCA 2025); *see also State v. Nelson*, 26 So. 3d 570, 573–74 (Fla. 2010) (explaining that the interpretation of rules of procedure is a question of law subject to de novo review).

To recap the facts, the trial court initially granted Appellant's motion to interview a certain juror but later struck the motion for Appellant's failure to include sworn allegations. The next day, Appellant filed an amended motion containing sworn allegations, but the trial court granted the State's motion to strike the amended motion as untimely because it was filed outside rule 3.575's ten-day period.

Addressing first whether sworn allegations are required in a rule 3.575 motion, Appellant relies on this Court's prior decision in *Ramirez v. State*, 922 So. 2d 386, 388 (Fla. 1st DCA 2006), where the State argued that the motion to interview a juror could not be addressed because it was unverified and lacked supporting affidavits. In rejecting the argument, we observed:

> While the supreme court did say in *Baptist Hospital of Miami, Inc. v. Maler*, 579 So. 2d 97, 100 (Fla. 1991), that "an inquiry [of jurors] is never permissible unless the moving party has made sworn factual allegations" . . . and reiterated this view in *Power v. State*, 886 So. 2d 952, 957 (Fla. 2004), our attention has been drawn to no case in

6

which the sufficiency of a request for juror interviews turned solely on the lack of sworn allegations. . . .

In any event, the supreme court necessarily disavowed its *dicta* (and any possible holding) requiring sworn allegations as a precondition to contact with jurors post trial, when it adopted Rule 3.575, which contains no requirement that any motion filed under the rule be verified.

*Id.* at 389; *see also Gray v. State*, 72 So. 3d 336, 337 (Fla. 4th DCA 2011) ("Disparity from previous case law, Rule 3.575 does not require the filing of sworn affidavits in order to interview a juror.").

The State correctly points out that, contrary to our reasoning in *Ramirez* and following the adoption of rule 3.575, the supreme court has continued to announce that a motion for a juror interview must contain sworn allegations. For instance, in *Israel v. State*, 985 So. 2d 510, 523 (Fla. 2008), the supreme court set forth that "[e]ven before rule 3.575 was adopted, an attorney was required to make sworn allegations . . . before being allowed to interview any member of the jury" and that "[u]nder rule 3.575, the party who wants to conduct juror interviews must file a motion stating the name of the juror to be interviewed *and* the reasons the party believes the verdict is subject to challenge." Subsequently, in *Crain v. State*, 78 So. 3d 1025, 1045 (Fla. 2011), the supreme court rejected a constitutional challenge to rule 3.575 and explained that "juror interviews are not permissible unless the moving party has made sworn allegations that, if true, would require the court to order a new trial because the alleged error was so fundamental and prejudicial to vitiate the entire proceedings." In *Foster v. State*, 132 So. 3d 40, 65–66 (Fla. 2013), the supreme court observed that rule 3.575 requires that a party must have a reason to believe the verdict may be subject to legal challenge and warrant a juror interview and that "[m]oreover, '[i]n order to be entitled to juror interviews, [a defendant] must present sworn allegations that, if true, would require the court to order a new trial because the alleged error was so fundamental and prejudicial as to vitiate the entire proceedings.'"

7

As recently as 2022, the supreme court proclaimed in part, "Further, in order to be entitled to interview jurors, Joseph [the movant] must present 'sworn allegations that, if true, would require the court to order a new trial because the alleged error was so fundamental and prejudicial as to vitiate the entire proceedings.'" *Joseph v. State*, 336 So. 3d 218, 236 (Fla. 2022). In *Joseph*, the supreme court cited *Johnson v. State*, 804 So. 2d 1218, 1225 (Fla. 2001), in support of this proposition. *Id.* In *Johnson*, the supreme court cited *Maler*, where it noted that a motion for a juror interview must include sworn allegations. 804 So. 2d at 1225.

As noted above, this Court in *Ramirez* characterized the language from *Maler* as dicta. However, given the supreme court's continued citations of *Maler* and its progeny, along with express statements that rule 3.575 requires sworn allegations, we conclude that *Ramirez* is not controlling as to this issue. *See Dowd v. State*, 227 So. 3d 194, 200 n.7 (Fla. 2d DCA 2017) (recognizing *Ramirez* but observing that the supreme court "continues to use the standard announced in *Maler*, including the need for sworn allegations, even where an interview is sought under rule 3.575" and that "it seems unwarranted to assume the supreme court intended to disavow that statement in *Maler*"). Thus, we hold that the trial court did not err in striking Appellant's initial motion to interview a juror as legally insufficient for failure to include sworn allegations.

The next question is whether the trial court erred in striking Appellant's amended motion, which contained sworn allegations but was filed outside the ten-day period provided for in rule 3.575. In answering this question, we are guided by the plain language of the rule. *See Barnes v. State*, 399 So. 3d 376, 377 (Fla. 1st DCA 2024). Unlike Florida Rule of Criminal Procedure 3.850(h)(2), which expressly allows for the amendment of a facially insufficient postconviction relief motion, rule 3.575 says nothing about amendments. We, therefore, find no error in the trial court's order striking Appellant's untimely amended motion.

8

*CONCLUSION*

For the above reasons, we affirm Appellant's convictions. We refer the issues pertaining to rule 3.575 to The Florida Bar's Criminal Procedure Rules Committee for its consideration.

AFFIRMED.

ROWE and NORDBY, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

Michael Ufferman and Laurel Cornell Niles of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Daren L. Shippy, Assistant Attorney General, Tallahassee, for Appellee.